AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)* | )<br>)<br>)  Case No.<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

located in the _____ District of ____Colorado____ , there is now concealed *(identify the person or describe the property to be seized)*:

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

❒ evidence of a crime;

❒ contraband, fruits of crime, or other items illegally possessed;

❒ property designed for use, intended for use, or used in committing a crime;

❒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

*Code Section*                *Offense Description*

The application is based on these facts:

❒ Continued on the attached sheet.

❒ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

_____
*Printed name and title*

Sworn to, submitted, attested to, and acknowledged by reliable electronic means

Date:  August 11, 2021                    *James M. Candelaria*
                                           *Judge's signature*

City and state: _____      _____
                                           *Printed name and title*

## AFFIDAVIT

I, Kalon Fancher, being duly sworn, hereby, depose and state as follows:

1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been employed in that capacity since February 2012. I am currently assigned to the Albuquerque Division of the FBI and have primary investigative responsibility in federal drug violations and violent crimes occurring in Indian Country such as robbery, aggravated assaults, assaults on Federal Officers, and homicide. I also have training and experience related to the investigation of drug trafficking and federal firearms offenses.

2. As a result of my personal participation in the investigation described herein and my review of the reports, both written and oral, made to me by, witnesses, and other concerned parties, I am familiar with the circumstances of the facts and information contained in this affidavit. On the basis of my direct participation in this investigation, as well as my familiarity with other aspects of this investigation, I believe the facts contained in this affidavit establish probable cause for the issuance of a search warrant for the search of the vehicle associated with Adam Patterson, which is described as a Mitsubishi Outlander Bearing V.I.N. JA4ARUAU8MU009363 and COLORADO LICENSE PLATE JEQ-569, currently located in the La Plata County Sheriff's Office, as further described in Attachment A, for evidence of violations of 21 U.S.C. § 841(a)(1), as further described in Attachment B.

3. The information set forth in this affidavit has been derived from an investigation conducted by FBI SA Kalon Fancher, Farmington Resident Agency of the FBI, Bureau of Indian Affairs SA Lyle Benally, South West Drug Task Force Investigators, and/or communicated to me by other sworn law enforcement officers as well as witnesses. The following information does not contain all items known to me but rather is used to establish sufficient probable cause for the crimes described below.

PROBABLE CAUSE

4. The South West Drug Task Force (SWDTF) is a task force designed to enforce Colorado state drug and gun laws including the Durango Police Department, La Plata County Sheriff's Office, Ignacio Police Department, and Bayfield Marshals Office.  On Wednesday, August 4, 2021, members of the SWDTF began conducting surveillance on ADAM PATTERSON with a year of birth of 1980 (hereinafter referred to as "PATTERSON") who was known to law enforcement, based on their involvement in other investigations, as a distributor of large amounts of methamphetamine. PATTERSON also had active arrest warrants for failing to appear and a restrained driver's license. Members of the SWDTF met with a reliable Confidential Human Source (CHS).  The CHS was deemed reliable based on reliable information the CHS had provided to law enforcement officers in the past that was able to be corroborated by law enforcement.   The CHS was cooperating with law enforcement to receive consideration for criminal charges that the CHS could have been charged with by the SWDTF.   The CHS told SWDTF Lt. Joseph LaVenture and Investigator Chris Choate that he/she had been in recent contact with PATTERSON.  PATTERSON told the CHS that he was planning to make a trip to Arizona to pick up methamphetamine.  PATTERSON told the CHS that it would be a quick trip and PATTERSON would be back to from Arizona within 18 hours.  The CHS stated he/she did not know what time PATTERSON would be leaving but did know that PATTERSON was currently driving a grey in color Mitsubishi SUV rental car.

5. Members of the SWDTF began conducting surveillance on an address known to law enforcement to be associated with PATTERSON: 5608 Rd 25 Cortez, CO.  Law enforcement observed a grey Mitsubishi Outlander vehicle with Colorado license plate JEQ-569, later determined to bear V.I.N. JA4ARUAU8MU009363 (hereinafter referred to as the Subject Vehicle).   Law enforcement queried the vehicle registration database and found that the Subject Vehicle was registered to EAN (Enterprise, Alamo, National) Holdings LLC.  SWDTF Investigator Cory Lawson contacted the EAN

rental companies law enforcement support line and asked who had rented the Subject Vehicle. A representative of EAN informed Investigator Lawson that the Subject Vehicle had been rented to Rebecca Greer and was due back at 9:00 PM on August 5, 2021.

6. On Thursday, August 5, 20201, at approximately 1:20 PM, Investigator Choate spoke with the CHS who stated at approximately 6:00 AM that morning, he/she had seen PATTERSON leave 5608 Rd 25 Cortez, CO driving the Subject Vehicle.

7. On Thursday, August 5, 2021, at approximately 6:00 PM, members of the SWDTF planned an operation to conduct surveillance on all of the common routes that PATTERSON could take to return to Cortez, CO from Arizona. Members of the SWDTF also requested assistance from SA Benally and Cortez Police Department Detective Tom Quinnett.

8. On August 06, 2021, at approximately 12:45 AM, Sgt. Matt Buffington and Investigator Michael Meuer of the SWDTF positively identified the Subject Vehicle driving east on Hwy 160 away from Teec Nos Pos, Az. Investigator Meuer observed the Subject Vehicle traveling at an estimated speed of faster than 90 miles per hour. Investigator Meuer observed the Subject Vehicle passing vehicles. After several minutes, Investigator Meuer reported that they had lost observation of the Subject Vehilce. At approximately 1:00 AM on the same day, members of the SWDTF observed the Subject Vehicle traveling north on Hwy 491 from the intersection of Hwy 491 and Hwy 160 in Montezuma County, Colorado. Members of the SWDTF followed the Subject Vehicle to the travel center at the Ute Mountain Casino located at 3 Weminuche Dr, Towaoc, Co. The Subject Vehicle pulled into the gas station where law enforcement positively identified the driver of the Subject Vehicle as PATTERSON as PATTERSON got fuel for the vehicle. As PATTERSON drove away from the travel center, Detective Quinnett activated the emergency lights on his vehicle and stopped the Subject Vehicle. Detective Quinnett, Investigator Berryhill, and Investigator Lawson removed PATTERSON from the vehicle and placed him under arrest for his active arrest warrants.

9. Law enforcement did not observe any other occupants of the Subject Vehicle after PATTERSON was arrested. In plain view Investigator Lawson observed a pipe lying on the front passenger seat of the subject vehicle that, based on his training and experience, Investigator Lawson recognized as a device commonly used to smoke illegal narcotics.

10. After being placed under arrest, law enforcement placed PATTERSON in the front seat of SA Benally's vehicle where he was read his *Miranda* rights. After being read his rights, PATTERSON agreed to speak to investigators. PATTERSON initially told law enforcement he had left his residence to go to Phoenix to see his doctor for injections after a car crash several months prior. When law enforcement confronted PATTERSON about the timeline and inconsistencies with his story, PATTERSON admitted he had actually left his residence earlier. PATTERSON admitted that he had been using the pipe on the passenger seat to smoke methamphetamine to help keep him awake for his trip. PATTERSON admitted that he had gone to Arizona in the past and picked up methamphetamine. PATTERSON stated he had picked up approximately 5 pounds of methamphetamine that was in his backpack inside of the Subject Vehicle. PATTERSON stated he earned the $10,000.00 from other illegal drug transactions.

11. At the conclusion of the interview PATTERSON was transported to Montezuma County Jail, where he was booked in for his active warrants.

12. The Subject Vehicle was towed to the Cortez Police Department, located at 608 N. Park St., Cortez, Co. Sgt. Buffington and Detective Quinnett followed the Subject Vehicle to the Cortez Police Department and secured the Subject Vehicle with evidence tape.

13. On August 11, 2021 SA Benally had the subject vehicle towed from the Cortez Police Department to the La Plata County Sheriff's Office secure impound lot located at 235 Everett Street, Durango, CO. SA Benally observed subject vehicle the entire time the vehicle was being towed.

14. Based on your Affiant's training and experience it is known that individuals involved in drug distribution commonly carry firearms for protection.  It is also known that individuals involved in drug distribution commonly possess large amounts of U.S. currency derived from the sales of illegal narcotics.  It is also known that individuals involved in drug distribution commonly maintain records, receipts, and papers that contain the names, addresses, and phone numbers of people they have had dealings with involving drug distribution.

SUMMARY

Based on the above facts, in conjunction with Your Affiant's training and experience, Your Affiant submits that there is probable cause to believe that evidence of a violation of 21 U.S.C. § 841(a)(1), Possession with the Intent to Distribute a Controlled Substance, as fully described in Attachment B, exists within the interior and exterior of the 2021 Mitsubishi Outlander Bearing V.I.N. JA4ARUAU8MU009363 and COLORADO LICENSE PLATE JEQ-569, as fully described in Attachment A.

Respectfully Submitted,

/s/ Kalon Fancher_____

SA Kalon Fancher
Federal Bureau of Investigation
Albuquerque Division
Farmington Resident Agency

Subscribed and sworn to me by reliable electronic means this 11th day of August, 2021

_____
HON. MAGISTRATE JUDGE JAMES M. CANDELARIA

**ATTACHMENT A**

PROPERTY TO BE SEARCHED

The interior and exterior of the Mitsubishi Outlander Bearing V.I.N. JA4ARUAU8MU009363 and COLORADO LICENSE PLATE JEQ-569, currently located in the La Plata County Sheriff's Office secured impound lot located at 235 Everett Street, Durango, CO.

## ATTACHMENT B
PROPERTY TO BE SEIZED

Agents and investigative officers are authorized to search for and seize the following particular items, that constitute: evidence of the commission of criminal offenses; contraband, the fruits of crimes, and things otherwise criminally possessed; and property designed or intended for use or which is or has been used as the means of committing criminal offenses, namely, violations of: 21 U.S.C. §§ 841(a) (the "Subject Offense").

1. Methamphetamine and any other controlled substances as well as paraphernalia commonly associated with the use, packaging for sale or transportation of narcotics consisting in part of and including, but not limited to: paper and plastic bindles, plastic bags and/or baggies, labels, scales and other weighing devices, measuring devices, pipes, and containers commonly associated with the storage and use of controlled substances.

2. Any documents related to or used to assist in the procurement or distribution of controlled substances, including notes, customer lists, supplier lists, correspondence, and ledgers.

3. Any document related to banking relationships, credit card and bank account information, investment accounts, real estate purchases, money transfers, financial statements, documentation of assets or liabilities and/or client lists.

4. Evidence of the identity of co-conspirators, suppliers of controlled substances, and purchasers of controlled substances, such as telephone and address books, telephone bills or toll records, diaries, ledgers, journals, papers, caller identification devices, digital cameras, telephone records, and electronic rolodexes.

5. Cellular telephones, laptop and desktop computers, tablet devices and other digital storages devices (include password information) such as external hard drives, thumb drives, and SD cards. **Digital Devices will be seized but not searched absent consent of the owner or further legal process**.

6. Cash, currency, jewelry, financial instruments, and/or records relating to the laundering, secreting, and/or distribution of monies related to the proceeds of procuring or distributing of controlled substances, and any and all financial documents and records which may be evidence of financial transactions relating to obtaining, transferring, laundering, secreting, or spending the proceeds of the sale of controlled substances.

7. Photographs showing controlled substances and people in possession of controlled substances.

8. Indicia of ownership and control including vehicle rental and/or title information, registration information, payment books etc. demonstrating rental and/or ownership of the

premises described herein, including, by not limited to canceled envelopes, receipts, rental, purchase and/or lease agreements and keys.

9. Cash counting devices.

10. Weapons, Firearms, ammunition, and related accessories as well as other destructive devices which may be used to provide protection of the narcotics trafficking operation, its members and/or assets.

11. Investigators are authorized to document the areas to be searched with photographs and video recordings.